IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAOMI CARRERA,<br><br>    Plaintiff,<br><br>vs.<br><br>AALIYAH MONET MONT, HIGH PROOF LOGISTICS, LLC, AMAZON a/k/a AMAZON, INC., a/k/a/ AMAZON LOGISTICS, a/k/a AMAZON SERVICES, LLC, a/k/a AMAZON CORP. AND/OR JOHN DOE I-V and JOHN DOE CORPORATIONS VI-X<br><br>    Defendants. | CIVIL ACTION<br><br>NO.: |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441 and § 1332(a)(1), Defendant Amazon a/k/a Amazon, Inc., a/k/a Amazon Logistics, a/k/a Amazon Services, LLC, a/k/a Amazon Corp. ("Amazon"), by and through its counsel, **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**, hereby removes this action to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas of Philadelphia County, Pennsylvania on the following grounds:

1. On November 3, 2022, Plaintiff Naomi Carrera filed a Complaint against Amazon, High Proof Logistics, LLC, Aaliyah Monet Mont, and John Doe I-V and John Doe Corporations VI-X alleging damages for personal injuries purportedly sustained in a December 24, 2020 motor vehicle accident. *See* a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2. In her Complaint, Plaintiff alleges that her vehicle was struck from behind by "defendant(s)' vehicle." *See* Complaint, ¶ 5.

3. Plaintiff alleges Defendant Aaliyah Monet Mont was the driver of a "Ram truck" that collided with Plaintiff's vehicle on December 24, 2020. *See* Complaint, ¶ 2.

4. Plaintiff avers that she is an adult citizen of the State of New Jersey, residing at 261 S. Olden Avenue, Trenton, N.J. 08629. *See* Complaint, ¶ 1.

5. As alleged, Defendant Aaliyah Monet Mont is an adult citizen of the Commonwealth of Pennsylvania, residing at 1320 W. Somerville Ave., Apt 804, Philadelphia, Pennsylvania 19141-2968. *See* Complaint, ¶ 2.

6. Upon information and belief, Defendant High Proof Logistics, LLC is a limited liability company incorporated in Pennsylvania with its principal place of business also in Pennsylvania with an address of 606 Liberty Avenue, 3rd Floor, 107, Pittsburgh, Pennsylvania 15222.

7. Amazon is a business entity incorporated in the state of Delaware.

8. The principal place of business of Amazon is the state of Washington with an address of 410 Terry Avenue North, Seattle, Washington 98109.

9. Defendants John Doe I-V and John Doe Corporations VI-X are fictitious persons/entities. *See* Complaint, ¶¶ 3-4; *see also* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether an action is removable).

10. According to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11. This civil action is a controversy between citizens of different states. *See* Complaint, ¶¶ 1-3.

12. Accordingly, the parties are citizens of different states and the diversity of citizenship requirement articulated in 28 U.S.C. § 1332(a) is satisfied.

13. Without admission thereto, the Complaint asserts claims for negligence, respondeat superior, vicarious liability, medical anguish, and seeks recovery of damages for payment of alleged medical treatment bills in connection with past and ongoing medical treatment and pain and suffering. *See* Complaint, ¶¶ 10-11.

14. Plaintiff's Complaint specifically alleges that Plaintiff's injuries "are or may be serious, severe and permanent." *See* Complaint, ¶ 9.

15. Based upon the allegations of Plaintiff's Complaint, Plaintiff's claimed damages are in excess of $75,000.00, the minimum amount in controversy requirement identified in 28 U.S.C. § 1332(a).

16. This District Court has subject matter jurisdiction over this Lawsuit pursuant to 28 U.S.C. § 1332.

17. Accordingly, this District Court has diversity jurisdiction over this lawsuit.

18. This action was filed in the Philadelphia Court of Common Pleas in the Commonwealth of Pennsylvania.

19. Venue is proper in this District because the action was filed within this judicial district. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

20. This Notice of Removal is timely as Plaintiff has not served Amazon with the Complaint and, as a result, the statutory period for removal has not expired.

21. Pursuant to the provisions of 28 U.S.C. § 1446(a), copies of all state-court papers that are in Amazon's possession at or before the time of removal (consisting of the Complaint, Affidavits of Non-Service, Praecipe to Reinstate the Complaint, and Entries of Appearance) are attached to this Notice as Exhibit "B."

22. As of the date of filing for this Removal, Co-defendants have not been served. *See* copy of the Docket in this case from the Philadelphia Court of Common Pleas, No. 221100567 9 (last accessed December 21, 2020) attached to this Notice as Exhibit "C."

23. This civil action is therefore properly removable pursuant to 28 U.S.C. § 1332(a)(1) and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a-b) in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

24. Upon filing the within Notice of Removal in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, Defendant Amazon a/k/a Amazon, Inc., a/k/a Amazon Logistics, a/k/a Amazon Services, LLC, a/k/a Amazon Corp. will give notice to counsel for Plaintiff and to Co-Defendants and will file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

**WHEREFORE**, Defendant Amazon a/k/a Amazon, Inc., a/k/a Amazon Logistics, a/k/a Amazon Services, LLC a/k/a Amazon Corp. respectfully requests that this action proceed as though originally commenced in this Court.

                                  Respectfully submitted,

                                  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

                                  *Salvatore A. Clemente*

                                  Salvatore A. Clemente, Esquire
                                  Two Commerce Square
                                  2001 Market Street, Suite 3100
                                  Philadelphia, PA 19103
                                  Phone: 215.627.6900
                                  Facsimile: 215.627.2665
                                  Salvatore.Clemente@wilsonelser.com
                                  Attorney for Defendant,
                                  *Amazon Logistics, Inc. (incorrectly identified as Amazon a/k/a Amazon, Inc., a/k/a Amazon Logistics, a/k/a Amazon*

Date: December 21, 2022                *Services, LLC, a/k/a Amazon Corp.)*

**CERTIFICATE OF SERVICE**

I, Salvatore A. Clemente, Esquire, counsel for Defendant Amazon a/k/a Amazon, Inc., a/k/a Amazon Logistics, a/k/a Amazon Services, LLC and Amazon Corp. hereby certify that the foregoing Notice of Removal was electronically filed via this Court's electronic filing system on December 21, 2022 and served via United States First Class Mail Pre-paid and Certified Mail Return Receipt Requested on December 22, 2022 on:

Kevin Riechelson, Esquire
Kamensky Cohen & Riechelson
194 S. Broad Street
Trenton, NJ  08608
*Attorneys for Plaintiff*

Aaliyah Monet Mont
1320 W. Somerville Avenue, Apt. 804
Philadelphia, PA  19141-2968
*Defendant*

High Proof Logistics, Inc.
606 Liberty Avenue, 3rd Floor, 107
Pittsburgh, PA 15222
*Defendant*

*Salvatore A. Clemente*
Salvatore A. Clemente, Esquire

278529573v.1